## W. D. HADEN CO. v. SOUTHERN S. S. CO.

### No. 5905.

Circuit Court of Appeals, Fifth Circuit.

Feb. 12, 1931.

Jas. W. Wayman, of Galveston, Tex., for appellant.

J. Newton Rayzor, of Houston, Tex. (Royston & Rayzor, of Houston, Tex., on the brief), for appellee.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

The only question presented on this appeal is as to the amount of damages to be awarded to appellant.

A collision occurred in the Houston ship channel on September 19, 1927, between the barge Lola, owned by appellant, and the steamship City of Houston, owned by appellee, and the Lola was sunk. On July 30, 1928, an interlocutory decree was entered allowing appellant to recover 90 per cent. of the damages caused by the collision. The case was referred to a commissioner to fix the damages.

After the barge was raised and placed in dock, there was a joint survey, and items of repairs to be made were indicated by the surveyors. Bids were received, and, appellant, being the lowest bidder, in the sum of $4,000, was permitted to do the work itself. Included in the items of repairs indicated by the surveyors was the removal of the sheating on the barge for the purpose of inspecting, and, if necessary, caulking her sides, decks, and bottom, the sheating to be replaced, using partly new material. The commissioner found this work had not been done, and allowed only $2,000 for the repairs instead of $4,000, the sum claimed. The commissioner also reduced an item of $350, for the services of a diver in raising the barge, to $200. All of the other items claimed by appellant, including demurrage of $235, were allowed in full. Exceptions to the commissioner's report were overruled by the District Court, and a decree was entered in the sum of $5,071.50, with interest at 6 per cent. from the date of the interlocutory decree, July 30, 1928.

Appellant contends that, if the amount of damages is fixed with reasonable certainty by inspection and testimony of competent surveyors, the injured party may recover that amount whether he repairs his vessel or not. It is enough to say that this theory has no application to the present case. The commissioner found that the barge was old, and her total value at the time of the collision was about $6,000. The total amount of damages claimed was $7,785, which, deducting 10 per cent. according to stipulation, would make the recovery demanded $7,006.50, considerably more than the value of the barge. Appellant did not prove up the cost of the various items of repairs actually made with certainty, and there was evidence before the commissioner tending to show that the cost of removing and replacing the sheating would be between $1,500 and $2,500. It is certain that this work was not done. It also appears that the amount allowed for the services of the diver was all that was paid, and appellant is seeking a profit on this item.

We think that on the whole case the judgment of the District Court does substantial justice between the parties, and that appellant has been awarded full damages.

Affirmed.